```
          IN THE UNITED STATES DISTRICT COURT FOR
        THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                *
LUNDBERG BUILDERS, INC.,
                                *
     Plaintiff,
v.                              *    CIVIL NO.: WDQ-05-1427

SHENANDOAH SASH & DOOR CO.,     *
INC., et al.,
                                *
     Defendants.
                                *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION AND ORDER

In this diversity suit, Lundberg Builders, Inc. ("Lundberg"), a general contractor, has sued Shenandoah Sash & Door Co., Inc. and Kolbe and Kolbe Millwork Co., Inc., alleging breaches of various express and implied warranties. Lundberg alleges that it purchased doors and windows from the Defendants, which leaked air and water, causing damage to the home in which they were installed. Pending is Lundberg's motion for summary judgment. For the reasons discussed below, the motion for summary judgment will be denied.

STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine issue as to any material fact, and the moving party is entitled to summary judgment as a matter of law. In *Anderson v. Liberty*

1

*Lobby, Inc.*, 477 U.S. 242, 249 (1986), the Supreme Court explained that, in considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.* at 248.  Thus, "the judge must ask . . . whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented."  *Id.* at 252.

In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), but the opponent must produce evidence upon which a reasonable fact finder could rely.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  The mere existence of a "scintilla" of evidence in support of the nonmoving party's case is not sufficient to preclude an order granting summary judgment. *Anderson*, 477 U.S. at 252.

## ANALYSIS

Lundberg alleges that the Defendants breached the implied warranty of merchantability by manufacturing or selling

defective windows and doors.  To recover on an implied warranty of merchantability claim, a plaintiff must prove: (1) the existence of a defect; (2) the attribution of the defect to the seller; and (3) a causal relation between the defect and the injury.  *Ford Motor Co. v. General Accident Ins. Co.*, 365 Md. 321, 335 (2001).

Lundberg claims that the Defendants breached the warranty of fitness for a particular purpose by selling it defective doors and windows, although they knew that the items would be installed in a building on the waterfront that would be exposed to abundant wind and water.  To establish a breach of the implied warranty of fitness for a particular purpose, a plaintiff must show: (1) the seller had reason to know of the buyer's particular purpose; (2) the seller had reason to know that the buyer was relying on the seller's skill or judgment to furnish appropriate goods; and (3) the buyer, in fact, relied upon the seller's skill or judgment.  *Id.* at 343-44.

Lundberg also asserts that the Defendants breached express warranties of safety and fitness by selling it defective doors and windows.  To establish a breach of an express warranty, the plaintiff must show that a warranty was made and that the product fails to exhibit the properties, characteristics, or qualities specifically attributed to it by

3

its warrantor. *Mercedes-Benz of N. Am., Inc. v. Garten*, 94 Md. App. 547, 559 (1993).

Lundberg has not adduced evidence to support any of its claims. A plaintiff seeking summary judgment on an issue bears the burden of establishing a prima facie case that would entitle it to a directed verdict if the issue was uncontested at trial. *Gray v. Metts*, 203 F. Supp. 2d 426, 431 (D. Md. 2002) (*citing Orozco v. County of Yolo*, 814 F. Supp. 885, 890 (E.D. Ca. 1993)).

> A plaintiff who seeks summary judgment and who fails to produce sufficient evidence on one or more essential elements of the claim is "no more entitled to a judgment . . . than is a plaintiff who has fully tried the case and who has neglected to offer evidence sufficient to support a finding on a material issue upon which [the plaintiff] bears the burden of proof."

*Id.* (*quoting Watts v. United States*, 703 F.2d 346, 347 (9th Cir. 1983)).

As Lundberg has failed to evince a single element of its claims, its motion for summary judgment will be denied.

<u>July 8, 2005</u>                             <u>        /s/                    </u>
Date                                        William D. Quarles, Jr.
                                            United States District Judge

its warrantor. *Mercedes-Benz of N. Am., Inc. v. Garten*, 94 Md. App. 547, 559 (1993).

Lundberg has not adduced evidence to support any of its claims. A plaintiff seeking summary judgment on an issue bears the burden of establishing a prima facie case that would entitle it to a directed verdict if the issue was uncontested at trial. *Gray v. Metts*, 203 F. Supp. 2d 426, 431 (D. Md. 2002) (*citing Orozco v. County of Yolo*, 814 F. Supp. 885, 890 (E.D. Ca. 1993)).

> A plaintiff who seeks summary judgment and who fails to produce sufficient evidence on one or more essential elements of the claim is "no more entitled to a judgment . . . than is a plaintiff who has fully tried the case and who has neglected to offer evidence sufficient to support a finding on a material issue upon which [the plaintiff] bears the burden of proof."

*Id.* (*quoting Watts v. United States*, 703 F.2d 346, 347 (9th Cir. 1983)).

As Lundberg has failed to evince a single element of its claims, its motion for summary judgment will be denied.

<u>July 8, 2005</u>                             <u>         /s/                   </u>
Date                                        William D. Quarles, Jr.
                                            United States District Judge